UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Peggy Bennett,** | ) | **CASE NO. 1:05 CV 1883** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Lake County Board of Mental Retardation and Developmental Disabilities, et al.,** | ) ) ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion for Summary Judgment (Doc. 13). This case arises out of plaintiff's termination from employment. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, Peggy Bennett, filed this lawsuit against defendants, Lake County Board of Mental Retardation and Developmental Disabilities and Elfriede Roman, alleging that she was wrongfully terminating for exercising her First Amendment rights.

The facts of this case are largely undisputed. Plaintiff was employed as a clerk typist for

1

defendant[1], a governmental agency providing assistance to individuals with mental retardation and/or developmental disabilities.  Her duties included answering phones, greeting visitors and other various clerical tasks.  As a result,  plaintiff was often the initial person contacted with regard to major unusual  incidents ("MUI").  A MUI is the report of a critical event such as the disappearance, death or serious bodily injury of an individual receiving services.

When a potential MUI is reported to defendant, defendant must follow-up the initial report within a very short time period.  The failure to perform the appropriate follow-up could result in the imposition of legal liability, sanctions or the loss of defendant's license.  As a result, when a MUI is received by defendant, the person receiving the initial report must follow specific protocol and notify the appropriate personnel.  Upon receipt of a possible MUI, the staff member is required to fill out a cover sheet for the incident form and immediately notify the supervisor.

On October 2, 2003, plaintiff received a telephone call wherein the caller reported a possible MUI.  In addition, the caller sent a fax to defendant.  Plaintiff, however, neither filled out a form nor contacted her supervisor.  According to her testimony, the telephone call "slipped her mind" and she went home for the night.  The following day, plaintiff's supervisor noticed the fax on the fax machine and addressed the situation.

On two prior occasions, plaintiff received progressive disciplinary action for failing to properly handle possible MUIs.  Initially, on June 10, 2003, plaintiff received a written reprimand.  On the second occasion, plaintiff was suspend without pay for ten days.[2]  After the

---

[1]  Both the governmental and individual defendants are referred to collectively as "defendant."

[2]  On July 22, 2003, plaintiff was suspended for one day for neglect of duty.  It does not appear that this suspension involved the failure

2

October 2nd incident, defendant decided to terminate plaintiff.[3] Although not clearly articulated by either party, it appears that prior to plaintiff's termination, the issue of whether there was just cause to terminate plaintiff was submitted to arbitration. Upon review, the arbitrator concluded that just cause existed and, thereafter, plaintiff was terminated. Her termination was effective November 14, 2003.

Prior to plaintiff's first disciplinary action[4], plaintiff became concerned about the passage of certain legislation in Ohio. Although unclear, it appears that the legislation resulted in staff changes and, in plaintiff's opinion, these changes negatively affected defendant's clients. As a result, plaintiff sent a number of letters to various public officials expressing her views concerning the ramifications of the bill. Defendant admits that it received a copy of one of the letters on January 21, 2003. There is no indication that any of the other letters were received by defendant.[5]

Plaintiff filed this lawsuit asserting three claims for relief. Count one alleges that defendant wrongfully terminated plaintiff in violation of her rights under the First Amendment. Count two alleges a violation of plaintiff's substantive due process rights. Count three is a claim

---

to report a possible MUI.

[3] Plaintiff also received other disciplinary action for issues unrelated to the handling of possible MUIs, including a one day suspension.

[4] Plaintiff received unsatisfactory performance evaluations prior to the disciplinary action.

[5] It appears that the legislation was passed prior to the time plaintiff sent the letters. Around the time the legislation was pending, plaintiff's union filed an unfair labor charge, which was dismissed by the State Employee Relations Board. On October 7, 2002, defendant and the union entered into a memorandum of understanding regarding the changes in staffing and positions.

for wrongful termination in violation of Ohio's public policy.

Defendants move for summary judgment and plaintiff opposes the motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of*

*Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

## DISCUSSION

1.  First Amendment violation (count one)

In count one, plaintiff alleges that she was wrongfully terminated for exercising her rights under the First Amendment.  Defendant moves for summary judgment on the grounds that the letter it received[6] is not protected speech.  According to defendant, the letter is not a matter of public concern.  Rather, plaintiff spoke as an employee upon matters of a personal interest.  In addition, defendant argues that there is an absence of causation between defendant's receipt of the letter and plaintiff's termination.  Defendant claims that, in the event plaintiff is able to establish that the speech is protected and was a motivating factor leading to her termination, the arbitration record conclusively establishes that non-speech reasons justified plaintiff's termination.

Plaintiff responds that the speech is a matter of public concern and, therefore is entitled to protection under the First Amendment.  Plaintiff also argues that issue preclusion does not foreclose plaintiff's First Amendment claim because the arbitrator did not consider any First

---

[6]  Defendant admits it received the December 10, 2002 letter attached to its motion.  Plaintiff does not provide any evidence that defendant had knowledge of the contents of any other letter she drafted.  Accordingly, the Court will only consider the contents of the December 10th letter, which was received by defendant on January 21, 2003.

5

Amendment issues in rendering his decision.  Plaintiff fails to address defendant's causation argument in any fashion.

Where a public employee alleges First Amendment violations, a three-part test applies: (1) the employee must establish that her speech was constitutionally protected; (2) the employee must prove that the protected speech was a substantial and motivating factor in the adverse employment action against her; and (3) the burden then shifts to the employer to show that it would have taken the same action even in the absence of the protected speech. *See Render v. Cuyahoga Cty.*, 1991 WL 325279 *3 (N.D. Ohio Sept. 13, 1999); *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 287 (1977).  In applying this test, the Court's task is to balance the interest of plaintiff as a citizen in commenting upon matters of public concern and the interest of the defendant as an employer in promoting the efficiency of the public services performed through its employees.  *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968).

Assuming *arguendo* that the speech at issue is protected, plaintiff is nonetheless entitled to summary judgment.  To succeed on her claim, plaintiff must "prove that the protected speech was a substantial and motivating factor in the adverse employment action against her."  As defendant correctly notes, temporal proximity alone is insufficient to establish this element of the claim.  *Black v. Columbus Public Schools*, 2005 WL 3440879, * 12 (S.D. Ohio Dec. 14, 2005)(citing *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1055 (6th Cir. 2001)).  Moreover, the Court agrees with defendant that even temporal proximity is lacking in this case.  At least five months passed between the time defendant learned of the letter plaintiff drafted and

the time any disciplinary action was taken against plaintiff.[7] This Court finds that a five month time period is insufficient to establish temporal proximity. In any event, plaintiff fails to point to any additional evidence or argument in response to defendant's claim that the causation element is lacking. Accordingly, the Court finds that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

Defendant further argues that, even if plaintiff could establish a question of fact as to causation, defendant is nonetheless entitled to summary judgment. According to defendant, there is substantial evidence supporting its claim that it would have terminated plaintiff even absent the protected speech. Defendant points out that an arbitrator already concluded that defendant properly terminated plaintiff for cause. Although plaintiff argues that the Court cannot consider the arbitrator's conclusion, plaintiff offers no evidence suggesting that defendant's proffered reason for termination, i.e., plaintiff's poor performance, is not the reason for her termination. Thus, even if this Court does not consider the arbitrator's conclusion, the Court finds that defendant presented substantial evidence demonstrating that plaintiff's poor job performance would have resulted in termination even absent the protected speech. Plaintiff offers absolutely no evidence to the contrary. Accordingly, for this additional reason, defendant is entitled to summary judgment.

---

[7]     Plaintiff does not identify which action constitutes "adverse action" for purposes of her claim. Defendant assumes *arguendo* that the one-day suspension may constitute adverse action. This action, however, was taken six months after defendant learned of plaintiff's letter. The Court notes that plaintiff received a written reprimand approximately one month prior to the one day suspension. Plaintiff does not claim that the written reprimand constitutes adverse action. Regardless, the written reprimand was issued five months after the protected speech.

2.     Due process violation (count two)

Defendant argues that plaintiff cannot state a claim for violation of due process because a more specific constitutional provision, i.e., the First Amendment, applies to the alleged wrong. Plaintiff responds with authority from the Sixth Circuit implying that both a First Amendment and Fourteenth Amendment substantive due process claim may be available in certain circumstances. *See, e.g., Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000)(remanding substantive due process and First Amendment claims to district court in light of district court's improper dismissal of First Amendment claim).  Subsequent to *Perry*, however, the Sixth Circuit decided *Brandenburg v. Housing Authority of Irivine*, 253 F.3d 891, 900 (6th Cir. 2003).  In *Brandenburg*, the Sixth Circuit held as follows,

> Any claim for a violation of [plaintiff's] substantive due process right to free speech is duplicative of her First Amendment retaliation claim, and she has not pointed to any other fundamental rights that have been violated by [defendant].  Furthermore, the Supreme Court has held that a cause of action cannot be based in substantive due process where a more specific constitutional provision is applicable.

Here, like in *Brandenburg*, plaintiff fails to point to any fundamental right, other than the rights guaranteed by the First Amendment, in support of her claim.  Having concluded that no violation of the First Amendment occurred in this case, a separate substantive due process claim is unavailable.

3.     Violation of public policy (count three)

According to defendant, plaintiff cannot succeed on her public policy claim because she is not an employee-at-will.  Plaintiff fails to respond to this argument in any fashion. Accordingly, the Court finds that plaintiff has abandoned count three and summary judgment in favor of defendant is warranted.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Judge

Dated:  6/13/06